**UNITED STATES of America**

v.

**Mark PRICE, Defendant.**

**C.R. No. 14–75–M.**

United States District Court,
D. Rhode Island.

Signed Dec. 11, 2014.

Paul F. Daly, Jr., U.S. Attorney's Office, Providence, RI, for United States of America.

Albert E. Medici, Jr., Johnston, RI, for Defendant.

## AMENDED ORDER

JOHN J. McCONNELL, JR., District Judge.

The crux of the issue presented in this motion is whether Mark Price's statement that "I don't want to incriminate myself, I'll let you guys figure it out," is an invocation of his constitutional right to remain silent.

Defendant's Motion To Suppress (ECF No. 14) arises from an interview conducted on May 5, 2014 at the Federal Bureau of Investigation ("F.B.I.") in Providence, Rhode Island. F.B.I. agents went to the Mr. Price's Samoset Street residence in Providence, Rhode Island and arrested him for his alleged involvement in an ongoing drug trafficking investigation. (ECF No. 14–2 at 1).[1] The agents wanted to enlist his cooperation against potential drug traffickers or, alternatively, charge him with crimes stemming from conduct that took place in August 2013 and January 2014. F.B.I. agents placed Mr. Price in their vehicle and asked him if he wished to cooperate in an ongoing investigation. At this point, Mr. Price was uncertain if he wanted to cooperate and stated that he would like to see the evidence against him before making a final determination.[2] The agents then transported Mr. Price to the

---

1. The agents seized Mr. Price's white Ford F–150 truck and a Suzuki motorcycle. Mr. Price moved to suppress all items seized from these vehicles. (ECF No. 14–1 at 4–6). The government responded by stating that it did not intend to use the vehicles or their contents in its prosecution of Mr. Price. (ECF No. 15–1 at 10–11). The Court therefore considers the issue of the suppression of the vehicles and their contents moot at this time.

2. Mr. Price moved to suppress this statement. (ECF No. 14–1 at 1–2). The government responded by stating it did not intend to use this statement in its prosecution of Mr. Price. (ECF No. 15–1 at 11).

F.B.I.'s Providence office. There, he was brought into an interview room and verbally advised of his *Miranda* rights. The FBI agents then asked Mr. Price some questions about his residency, employment history, and prior contacts with law enforcement. Two reports from F.B.I. agent Colin Wood dated May 8, 2014 memorialized the interrogation. (ECF No. 14–1 and 14–2).

At some point, the line of questioning shifted to conduct on August 30, 2013 in which Mr. Price was allegedly involved. The interviewers showed Mr. Price pictures of the alleged conduct that took place that day. At this point Mr. Price told interviewers, "I don't want to incriminate myself, I'll let you guys figure it out." (ECF No. 14–1 at 3).

Agent Woods' report attributed numerous statements to Mr. Price subsequent to this statement about not wanting to incriminate himself. The statements included statements relative to his presence near a January 16, 2014 controlled drug buy, as well as statements regarding marijuana use between the Mr. Price and another individual. Mr. Price moves to suppress these subsequent statements.

Mr. Price argues that his statement that he did not want to incriminate himself was an invocation of his Fifth Amendment privilege against compelled self-incrimination because upon making this assertion, the interrogation should have ceased and the Court should suppress any statements made thereafter. (ECF No. 14–1). The United States filed a Memorandum in response to Mr. Price's Motion to Suppress. (ECF No. 15–1).

The Court held a hearing on the Motion to Suppress on September 29, 2014 at which both parties agreed that there was no need to take evidence, they both agreed to the relevant facts, and that they agreed the motion presented a question of law for the Court to decide. The Court then heard legal arguments on the motion. This Court will first discuss the law applicable to the issues at bar and then address the arguments raised by Mr. Price.

The Fifth Amendment to the Constitution affords individuals the privilege against self-incrimination. U.S. Const. amend. V; *Miranda v. Arizona*, 384 U.S. 436, 439, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Supreme Court in *Miranda* held that custodial police interrogations, by their very nature, "work to undermine the individual's will to resist and compel him to speak where he would not otherwise do so freely." 384 U.S. at 467, 86 S.Ct. 1602. Thus, the U.S. Supreme Court determined that a suspect's Fifth Amendment privilege against self-incrimination is at risk during a custodial police interrogation. *Id.* at 478, 86 S.Ct. 1602. In order to "combat" the coercive nature of an interrogation the Supreme Court set forth procedural safeguards. *Id.* at 467, 86 S.Ct. 1602. These procedural safeguards require interrogating officers "adequately and effectively" to warn individuals of their rights in order assure the free exercise of those rights. *Id.* Specifically, an individual must be warned, "he has the right to remain silent." *Id.* at 444, 86 S.Ct. 1602. The Court also made it abundantly clear that once an individual *invokes their right to remain silent* the interrogation must cease and that "any statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." *Id.* at 474, 86 S.Ct. 1602.

More recently, the U.S. Supreme Court held that if an accused wishes to exercise their right to cut off questioning by invoking their right to remain silent, then they must do so in an unequivocal and unambiguous manner. *Berghuis v. Thompkins*, 560 U.S. 370, 381, 130 S.Ct. 2250, 176

L.Ed.2d 1098 (2010) (adopting the same unequivocal and unambiguous standard for invoking the right to counsel as outlined in *Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994)). The Supreme Court reasoned that requiring an unambiguous invocation of the right to silence would prevent officers from being forced to choose between ending an interrogation as the result of "an ambiguous act, omission or statement" or proceeding with the interrogation and risk suppression if they "guess wrong." *Berghuis,* 560 U.S. at 382, 130 S.Ct. 2250 (quoting *Davis,* 512 U.S. at 459, 114 S.Ct. 2350).

▮ While the invocation of the right to remain silent must be unequivocal and unambiguous, this standard does not require a suspect to use "talismanic phrases or any special combination of words" in doing so. *United States v. Ramirez,* 79 F.3d 298, 304 (2d Cir.1996). Nor must a suspect be expected to "speak with the discrimination of an Oxford don" when invoking his right to silence. *Davis,* 512 U.S. at 459, 114 S.Ct. 2350 (quoting *id.* at 476, 114 S.Ct. 2350 (Souter, J., concurring in judgment)). In fact, all a suspect must do is use a simple, unambiguous statement that he wishes to remain silent or that he does not wish to talk to police. *Berghuis,* 560 U.S. at 382, 130 S.Ct. 2250.

▮ Mr. Price argues that when he told F.B.I. agents "I don't want to incriminate myself, I'll let you guys figure it out," he was invoking his right to silence and at that point the interrogation should have ceased. (ECF No. 14–1 at 2). The government concedes that twice during the interrogation Mr. Price invoked his right to silence in regards to select questions. (ECF No. 15–1 at 12). The government contends that the statement "I don't want to incriminate myself, I'll let you guys figure it out" was a selective assertion to

the specific line of inquiry and was a negotiation tactic used by Mr. Price. (*Id.* at 13). Further, the government suggests that because the F.B.I. and Mr. Price were still exploring the possibility of cooperation that viewed in context the statement did not suggest Mr. Price wished to end the interview and therefore the agents were not required to end their inquiry.

Mr. Price's statement—"I don't want to incriminate myself"—on its face and in this context is an unambiguous, indication of Mr. Price's desire to stop speaking with agents and to preserve his Fifth Amendment right against self-incrimination. *Miranda* made it clear that a critical safeguard is Mr. Price's right to cut off questioning and "if [an] individual indicates *in any manner, at any time* prior to or during questioning, that he wishes to remain silent, the interrogation must cease." 384 U.S. at 473–474, 86 S.Ct. 1602 (emphasis added). Nothing in Mr. Price's statement indicates that his desire was limited to a specific question or line of questioning. To suggest that Mr. Price's invocation was limited to specific topics, as the government has here, would fail "to honor a decision of a person in custody to cut of questioning, either by refusing to discontinue the interrogation upon request or by persisting in repeated efforts to wear down his resistance and make him change his mind." *Michigan v. Mosley,* 423 U.S. 96, 106, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975).

The government also suggests that the Court should view the statements against the "backdrop" of the context of the interview. (ECF No. 15–1 at 13). In *Berghuis,* the Supreme Court made it clear that the reason for requiring an unambiguous invocation of the right to silence was to prevent officers from guessing an individual's intent. 560 U.S. at 382, 130 S.Ct. 2250. "Using 'context' to transform an unambig-

uous invocation into open-ended ambiguity defies both common sense and Supreme Court law." *Anderson v. Terhune*, 516 F.3d 781, 787 (9th Cir.2008). Since Mr. Price unambiguously invoked his right to silence there was nothing that would have left agents guessing as to what his intent was. He unequivocally stated that he did not want to incriminate himself, as is his constitutional right, and therefore, at that point, the interrogation should have ceased.

This Court finds that once Mr. Price stated that he did not want to incriminate himself and that he would let the FBI figure it out, he unambiguously invoked his Fifth Amendment right against self-incrimination. The questioning should have stopped at this point. Any statements obtained from Mr. Price subsequent to this invocation of this right are not admissible, and are hereby suppressed. Mr. Price's Motion To Suppress (ECF No. 14) is GRANTED.

IT IS SO ORDERED.